UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TERRI S. O'NEAL, individually
and as successor-in-interest
to the Estate of BENJAMIN L.
BRATT; BARRY M. BRATT,
individually,

        NO. CIV S-06-1063 FCD/DAD

    Plaintiffs,

  v.                     MEMORANDUM AND ORDER

SMITHKLINE BEECHAM CORPORATION
d/b/a GLAXOSMITHKLINE, a
Pennsylvania Corporation; and
DOES 1-50,

    Defendants.

----oo0oo----

    This matter is before the court on defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline's ("GSK") motion to amend the pretrial scheduling order, pursuant to Rule 16 of the Federal Rules of Civil Procedure,[1] to re-open fact discovery for the limited purpose of allowing GSK to depose Mr. Robert Henley

///

---

[1] All further references to a "Rule" are to the Federal Rules of Civil Procedure, unless otherwise noted.

("Henley").  Plaintiffs oppose defendant's motion.  For the reasons set forth below,[2] defendant's motion is GRANTED.

On April 14, 2006, plaintiffs filed a complaint in the Superior Court of California, County of El Dorado, alleging claims for negligence, strict liability, breach of express warranty, fraud, and negligent infliction of emotional distress.  Subsequently, in May 2006, the case was removed to this court on the basis of diversity jurisdiction.  On March 2, 2007, the court issued an Amended Pretrial Scheduling Order, setting the deadline for factual discovery as June 8, 2007, the deadline for expert designations as June 29, 2007, and the deadline for expert discovery as August 6, 2007.  On June 9, 2007, the parties filed and the court granted a joint motion to extend expert discovery deadlines until August 24, 2007.

Plaintiffs contend that the prescription medication, Paxil, caused their son to commit suicide.  Defendant contends that there is no evidence that Paxil causes an increased risk of suicide in teenagers, and that if plaintiffs' son committed suicide, he did so because he suffered from under-treated depression exacerbated by psycho-social stressors.  (Def.'s Mot. to Amend, filed June 28, 2007, at 2).  Defendant also contends that plaintiffs' claims are time-barred.  (Id.)

Through this motion, defendant seeks to re-open fact discovery in order to depose Henley, a licensed marriage and family therapist who treated plaintiffs' son sometime between

---

[2] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1  October 1996 and February 1997.  Defendant contends that before
2  May 24, 2007, GSK had no reason to depose Henley.  When defense
3  counsel called Henley on in January 2008, she was informed that
4  Henley did not have any record of treating plaintiffs' son and
5  that he did not remember plaintiffs' son.  (See Aff. of Sarah T.
6  Sloan ("Sloan Aff."), Ex. 4 to Def.'s Mot., ¶ 4).  Defendant also
7  contends that plaintiffs testified that plaintiffs' son had
8  approximately six or seven sessions with Henley, plaintiffs' son
9  revealed little to Henley, and that Henley did not diagnose
10 plaintiffs' son.  (See Dep. of Barry M. Bratt, Ex. 3 to Def.'s
11 Mot, at 51-53).  However, on May 24, 2007, defendant took the
12 deposition of Allan R. O'Neal ("O'Neal"), who testified that
13 plaintiffs' son saw Henley twice a week for four months.  (See
14 Dep. of Allan R. O'Neal, Ex. 5 to Def.'s Mot. at 25).  O'Neal
15 also testified that shortly after Ben's death, Henley told him
16 and at least one of the plaintiffs about possible adverse effects
17 associated with Paxil.  (Id. at 163-64).  Defendant asserts that
18 O'Neal's deposition testimony put them on notice that Henley may
19 have information relevant to their defenses relating to
20 alternative causation and the statute of limitations.
21 Subsequently, defendant scheduled Henley's deposition for June 7
22 or June 8, 2007.  (See Sloan Aff. ¶ 6(f)).  However, on
23 Wednesday, June 6, 2007, Henley learned that he needed heart
24 surgery and had to postpone his deposition.  (Id. ¶ 7).  Fact
25 discovery closed on June 8, 2007.
26      A pretrial order "shall not be modified except upon a
27 showing of good cause."  Fed. R. Civ. P. 16(b).  The district
28 court may modify the pretrial schedule "if it cannot reasonably

3

be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)).  The "good cause" standard set forth in Rule 16 primarily focuses upon the diligence of the party requesting the amendment.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  Id.

The moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order."  Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

Plaintiffs do not dispute that GSK assisted the court in creating a workable Rule 16 order or that GSK sought to amend the order within a reasonable time period.  (Pls.' Opp'n., filed July 13, 2007, at 3).  Rather, plaintiffs contend that GSK was not diligent in pursuing discovery throughout the entire discovery period.  (Id.)  Specifically, plaintiffs assert that defendants waited until the end of the discovery period to notice depositions.  Plaintiffs also assert that Henley has already

4

indicated that he did not remember plaintiffs' son, and as such, there is no good cause for allowing defendant to depose him.

Defendant presents evidence that it could not take the deposition of O'Neal until May 24, 2007 because, despite weeks of searching, O'Neal was not found by defense counsel until April 30, 2007. (Sloan Aff. ¶ 13). May 24, 2007 was the first day that O'Neal said he was available. (Id. ¶ 14). Defendant also presents evidence that O'Neal's deposition testimony was the first notice it received that Henley might have information highly relevant to its case. As such, defendant has demonstrated that it has diligently pursued discovery in this action relating to information potentially held by Henley.

In regards to plaintiffs' contention that Henley does not have relevant information to provide in a deposition, the court will not speculate as to the possible content of Henley's testimony. The deposition of O'Neal revealed that Henley may have had more extensive contact with plaintiffs' than defendant was previously aware. Moreover, the court will not deny defendant the opportunity to depose a witness who may have highly relevant information based solely upon an unsworn representation made to defendant's counsel.

///
///
///
///
///
///
///

1    Therefore, good cause having been shown, defendant's motion
2 to amend the pretrial scheduling order to re-open factual
3 discovery for the limited purpose of allowing defendant to take
4 the deposition of Mr. Robert Henley is GRANTED.
5    IT IS SO ORDERED.
6 DATED: July 25, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE