UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TERRI S. O'NEAL, individually
and as successor-in-interest
to the Estate of BENJAMIN L.
BRATT; BARRY M. BRATT,
individually,

        Plaintiffs,

  v.

SMITHKLINE BEECHAM CORPORATION
d/b/a GLAXOSMITHKLINE, a
Pennsylvania Corporation; and
DOES 1-50,

        Defendants.

NO. CIV S-06-1063 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline's ("GSK") motion to amend the pretrial scheduling order and to exceed the ten-deposition limit, pursuant to Rules 16, 26 and 30 of the Federal Rules of Civil Procedure.[1]  Defendant seeks to re-open fact discovery for the limited purpose of allowing GSK to depose

---

[1] All further references to a "Rule" are to the Federal Rules of Civil Procedure, unless otherwise noted.

David Ashby, CEO of the New Morning Counseling Center ("New Morning"), and Gene Holt, a mental health professional at New Morning.  Defendant also seeks to depose Ashley Phillips, Andrew Brundage, Andy Southard and Stephanie Polambi, friends of plaintiffs' son Benjamin Bratt, and to re-depose plaintiffs, Barry Bratt and Terry O'Neal.  Plaintiffs oppose defendant's motion.  For the reasons set forth below,[2] defendant's motion is DENIED.

On April 14, 2006, plaintiffs filed a complaint in the Superior Court of California, County of El Dorado, alleging claims for negligence, strict liability, breach of express warranty, fraud, and negligent infliction of emotional distress.  Subsequently, in May 2006, the case was removed to this court on the basis of diversity jurisdiction.  On March 2, 2007, the court issued an Amended Pretrial Scheduling Order, setting the deadline for factual discovery as June 8, 2007, the deadline for expert designations as June 29, 2007, and the deadline for expert discovery as August 6, 2007.  On June 9, 2007, the court granted the parties' joint motion to extend the expert discovery deadline to August 24, 2007.

Plaintiffs contend the prescription medication, Paxil, caused their son to commit suicide.  As such, defendant argues it is critical it has the opportunity to depose all mental health professionals who treated plaintiffs' son before his death.  (Def. Mot. to Amend, filed September 7, 2007 ("Def. Mot."), at

---

[2] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

2).  Through this motion, defendant seeks to re-open fact discovery in order to depose multiple witnesses in excess of the ten-deposition limit.  Defendant argues that in light of information revealed during the recent deposition of Robert Henley,[3] a family therapist who treated plaintiffs' son, the depositions of Ashby, Holt, and plaintiffs are warranted.  Defendant contends that prior to Henley's deposition, GSK had no reason to depose either Ashby or Holt.  At Henley's deposition on August 15, 2007, however, Henley testified he received a phone call two years ago from Ashby regarding psychological tests Holt allegedly performed on plaintiffs' son while he was being treated at New Morning.  (Dep. of Robert Henley, Ex. 2 of Def. Mot. ("Henley Dep."), at 3).  Defendant therefore asserts that Henley's deposition testimony put it on notice, for the first time, that both Ashby and Holt may have information relevant to their defenses relating to plaintiffs' son's mental health status prior to taking Paxil.

Defendant further contends depositions of four of Benjamin Bratt's friends are also necessary.  Defendant explains that information revealed during the June 4, 2007 deposition of Jeremy Dawson, a close friend of Benjamin's, suggests these other friends could provide useful information about Benjamin's alleged suicide attempt prior to the time he began taking Paxil.

A pretrial order "shall not be modified except upon a showing of good cause."  Fed. R. Civ. P. 16(b).  The district court may modify the pretrial schedule "if it cannot reasonably

---

[3] On July 25, 2007 the court granted defendant's motion to re-open discovery for the limited purpose of deposing Henley.

3

1  be met despite the diligence of the party seeking the extension."
2  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.
3  1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes
4  (1983 amendment)).  The "good cause" standard set forth in Rule
5  16 primarily focuses upon the diligence of the party requesting
6  the amendment.  "Although the existence or degree of prejudice to
7  the party opposing the modification might supply additional
8  reasons to deny a motion, the focus of the inquiry is upon the
9  moving party's reasons for seeking modification."  Id.
10    The moving party may establish good cause by showing "(1)
11 that [it] was diligent in assisting the court in creating a
12 workable Rule 16 order; (2) that noncompliance with a Rule 16
13 deadline occurred or will occur, notwithstanding [a party's]
14 diligent efforts to comply, because of the development of matters
15 which could not have been reasonably foreseen or anticipated at
16 the time of the Rule 16 scheduling conference; and (3) that [it]
17 was diligent in seeking amendment of the Rule 16 order, once it
18 became apparent that [it] could not comply with the order."
19 Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal.
20 1999)(citations omitted).
21    Plaintiffs oppose defendant's requested discovery, arguing
22 defendant misrepresents Henley's testimony and that their
23 proffered evidence establishes that Ashby and Holt do not have
24 any relevant information about Benjamin Bratt.  More
25 specifically, plaintiffs assert Henley's testimony, cited by
26 defendant, is unreliable since Henley indicated several times he
27 did not remember plaintiffs' son and that his testimony was based
28 on "what people told [him] has happened." (Henley Dep. at 3).

4

1  Plaintiffs also proffer evidence that plaintiffs' son was never
2  seen at New Morning.  Ashby declares "there are no records for
3  anyone named Benjamin L. Bratt" at New Morning.  (Dec. of David
4  Ashby, filed September 28, 2007 ("Ashby Dec."), at 2).  Moreover,
5  Ashby states he "never informed Robert Henley . . . that New
6  Morning has records showing that Mr. Henley provided any therapy
7  to Benjamin Bratt, nor to discuss any aspect of this pending
8  litigation." (Id.)  Similarly, Holt declares he has "no
9  recollection of ever treating anyone by the name of Benjamin L.
10 Bratt." (Dec. of Gene Holt, filed September 28, 2007 ("Holt
11 Dec."), at 1).  Holt further states he was hired as a therapist
12 by New Morning in February 1998, nearly a year *after* plaintiffs'
13 son committed suicide. (Id.)
14     Ashby and Holt's declarations satisfy the court that little,
15 if any, information is to be gleaned about Benjamin Bratt's
16 medical care from their depositions.  While defendant may have
17 diligently sought this discovery, as it only became aware of
18 Ashby and Holt's potential involvement on August 15, 2007, it is
19 not likely that their depositions will reveal any pertinent
20 information.  Defendant stresses nonetheless a notation in New
21 Morning's records that may indicate plaintiff Barry Bratt
22 contacted New Morning on September 30, 1996.  (New Morning
23 Record, attached to Ashby Dec., filed September 28, 2007, at 4).
24 That record shows at most, however, that Barry Bratt may have
25 called New Morning that day; the record also shows that any
26 inquiry was closed that same day.  The court is satisfied that
27 ultimately "no service or treatment [was] rendered" to Benjamin
28 Bratt at New Morning, as explained by Ashby  (Ashby Dec., at 2).

5

Given that New Morning has no records regarding Benjamin and that the declarations of both Ashby and Holt indicate their testimony would add no relevant information, defendant has failed to make the necessary showing to re-open discovery.  For these reasons, defendant's motion to re-open discovery for the purpose of deposing Ashby, Holt, and plaintiffs[4] is DENIED.

Regarding defendant's request to depose several of Benjamin's friends, defendant contends that it could not take the deposition of the friends until now because, despite months of searching, GSK was unable to locate them.  Defendant asserts Phillips, Brundage, Southard, and Polambi were unreachable until Dawson provided information as to their whereabouts at his June 4, 2007 deposition.  Defendant maintains it did not have enough time to schedule their depositions before discovery closed on June 8, 2007.

Defendant has not shown good cause for the delay in moving to re-open fact discovery with respect to Benjamin Bratt's friends.  Defendant concedes in its motion it became aware of the witnesses' location on June 4, 2007.  (Def. Mot. at 9).  However, defendant waited until September 7, 2007 to file the instant motion.  Defendant provides the court with no explanation as to why it waited nearly eight weeks before petitioning the court.  Moreover, defendant fails to demonstrate a good faith effort made to find and depose the witnesses *before* discovery closed.  Defendant merely states that because events in this case took place ten years ago, locating witnesses "proved extraordinarily

---

[4] Defendant sought to re-depose plaintiffs on the limited issue of any contact with New Morning.

6

difficult." (Id.)  Therefore, because defendant has failed to show diligence, defendant's motion to amend the pretrial scheduling order to re-open factual discovery for the purpose of taking the depositions of Phillips, Brundage, Southard and Polambi is DENIED.

Finally, the court notes that in plaintiffs' opposition, they agree with defendant's request to extend the dispositive motion deadline.  Defendant moved for this extension in light of its request for the subject discovery.  However, since defendant's motion is denied, the scheduling order remains in place.  The final date for hearing dispositive motions is November 9, 2007, and defendant has timely noticed and filed its motion for summary judgment and other related motions.  If plaintiffs seek a continuance of the motions, they must move the court via an appropriate motion under Rule 16.

IT IS SO ORDERED.

DATED: October 22, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE