IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRI S. O'NEAL, et al.,

    Plaintiffs,

No. CIV S-06-1063 FCD DAD

    v.

SMITHKLINE BEECHAM CORPORATION, et al.,

ORDER

    Defendants.

/

The parties have proposed a joint agreed protective order that includes the following provision regarding use of confidential information in court:

> **11.** **Use of Confidential Information in Court**. The parties have agreed, and the Court hereby grants permission, to file under seal documents marked "Confidential" in connection with discovery motions or other pre-trial motions or proceedings. A party seeking to file such documents under such circumstances shall file such documents in sealed envelopes or other appropriately sealed containers on which shall appear the title of the document AND a [sic] the following legend:
>     FILED UNDER SEAL - The enclosed materials are subject to a Protective Order entered by the United States District Court of the Eastern District of California, Sacramento Division, in the case of *Terri O'Neal, Individually and as successor-in-interest to the Estate of Benjamin L. Bratt, and Barry Bratt, Individually v. SmithKline Beecham Corporation d/b/a/GlaxoSmithKline, et al.*, Case No. 2:06-cv-01063. This envelope MAY NOT BE

1

OPENED without court order by anyone other than the Court, Court personnel, or the filing party's counsel of record.

Joint Agreed Protective Order filed June 29, 2007, at 5.

All documents filed with the court are presumptively public.[1] See <u>San Jose Mercury News, Inc. v. U.S. Dist. Court</u>, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which the parties may, in appropriate circumstances, propose means of protecting the claimed confidentiality of information in certain documents filed in a specific case. Fed. R. Civ. P. 26(c). Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in light of the broad discovery rights authorized in Rule 26(b). <u>United States v. CBS, Inc.</u>, 666 F.2d 364, 368-69 (9th Cir. 1982).

Whether or not a protective order is entered in any case is subject to the discretion of the court. See <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); <u>Phillips v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1211 (9th Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent disclosure of materials for many types of information"). A protective order will not be entered absent a showing of good cause. Fed. R. Civ. P. 26(c); <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1130-31 (9th Cir. 2003); <u>Phillips</u>, 307 F.3d at 1210 ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").

/////

---

[1] A party may, however, have a right to protect from public disclosure information that has been produced to another party in discovery but has not been filed with the court. <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 33 & n.19, 37 (1984).

1   A party's desire for a protective order does not constitute good cause to bar the
2 public from access to litigation documents.  Rather, the party seeking protection bears the burden
3 of showing specific prejudice or harm, including, with respect to individual documents,
4 particular and specific need for protection.  Phillips, 307 F.3d at 1210-11; San Jose Mercury
5 News, 187 F.3d at 1102-03.  "If a court finds particularized harm will result from disclosure of
6 information to the public, then it balances the public and private interests to decide whether a
7 protective order is necessary."  Phillips, 307 F.3d at 1211.
8   Stipulations and motions for entry of a protective order must (1) show a
9 particularized need for protection as to each individual document or piece of information
10 proposed to be covered by the order, (2) show why the need for protection should be addressed
11 by court order, as opposed to a private agreement between or among parties, and (3) describe the
12 types of documents or information eligible for protection under the order, with the description
13 provided in general terms sufficient to reveal the nature of the types of documents or information.
14 See San Jose Mercury News, 187 F.3d at 1103 (holding that blanket stipulated protective orders
15 "are inherently subject to challenge and modification, as the party resisting disclosure generally
16 has not made a particularized showing of good cause with respect to any individual document").
17 The court will not enter a discovery order or protective order that enables the parties to designate
18 so much material as "confidential" that, in essence, entire case filings are sealed.  Nor will the
19 court approve an order giving blanket authority to the parties to designate what will be filed
20 under seal.
21   Here, the proposed joint agreed protective order would give the parties blanket authority
22 to designate documents to be filed under seal.  In addition, the provision is not consistent with
23 the provisions of Local Rule 39-141.  The request for entry of the proposed order will be denied
24 without prejudice to the submission of a joint agreed protective order that cures the defects of
25 paragraph 11.  The parties may, of course, agree that any individual document to be filed with the
26 court that includes confidential information shall be submitted to the court either in redacted

form in conformity with Local Rule 39-140 or with a proposed sealing order in conformity with Local Rule 39-141.

Accordingly, IT IS ORDERED that the parties' June 29, 2007 request for entry of the proposed joint agreed protective order, docketed as # 38, is denied without prejudice.

DATED: November 8, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\oneal1063.mpo